UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABRAHAM FREDRICK BROWN,

        Petitioner,

vs.                              Case No. 3:18-cv-1211-J-25JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

**ORDER**

**I. INTRODUCTION**

Through a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) pursuant to 28 U.S.C. § 2254, Abraham Fredrick Brown, an inmate of the Florida penal system, challenges his state court (Duval County) conviction for burglary (occupied dwelling), violation of injunction for protection against domestic violence, interference with custody, and shooting or throwing deadly missile,[1] and criminal mischief. Petition at 1. Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. 12).[2]

---

[1] Petitioner was not tried on the shooting or throwing deadly missile count.

[2] The Court hereinafter refers to the exhibits in the Appendix (Doc. 12) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the document

Petitioner filed a notice that he did not intend to file a reply (Doc. 15) but would rely on the Petition.

## II. EVIDENTIARY HEARING

Petitioner raises one ground in the Petition and seeks an evidentiary hearing. Petition at 5, 8-9. It is Petitioner's burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). The Court finds no need for an evidentiary hearing as the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. As such, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III. THE CLAIM

One ground is raised in the Petition. Petitioner contends he has been denied due process of law pursuant to the Fourth,

---

will be referenced.

2

Fifth, and Fourteenth Amendments because he was sentenced as a habitual felony offender although the state lacked the proper prior offenses to satisfy the requirements for a habitual offender sentence. Petition at 5-9.

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254. This statute "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam). The AEDPA statute: "respects the authority and ability of state courts and their dedication to the protection of constitutional rights." Id. Therefore, "[u]nder AEDPA, error is not enough; even clear error is not enough." Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1349 (11th Cir. 2019) (citing Virginia v. LeBlanc, 137 S. Ct. 1726, 1728 (2017) (per curiam)), cert. denied, No. 19-5438, 2019 WL 5150550 (U.S. Oct. 15, 2019).

Applying the statute as amended by AEDPA, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court

3

proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019).

Thus, in order to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders, 911 F.3d at 1351. As noted in Richter, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

In undertaking its review, this Court is not obliged "to flyspeck the state court order or grade it." Meders, 911 F.3d at 1349. Indeed, specificity and thoroughness of the state court decision is not required; even if the state court fails to provide rationale or reasoning, AEDPA deference is due "absent a conspicuous misapplication of Supreme Court precedent." Id. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). But, this presumption of correctness applies only to findings of fact, not mixed

4

determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Once a claim is adjudicated in state court and a prisoner seeks relief in the federal court system, AEDPA's formidable barrier to habeas relief comes into play, and it is very difficult for a petitioner to prevail under this stringent standard. As such, state-court judgments will not easily be set aside once the Court employs this highly deferential standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although AEDPA does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id. In

sum, application of the standard set forth in 28 U.S.C. § 2254(d) ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted).

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In ground one of the Petition, Petitioner claims he has been denied due process of law pursuant to the Fourth,[3] Fifth, and Fourteenth Amendments because he was sentenced as a habitual felony offender (HFO) although the state lacked the proper prior offenses to satisfy the requirements for the imposition of a habitual offender sentence. Petition at 5-9. Respondents state Petitioner exhausted his state court remedies by raising his due process claim in his motion to correct sentencing error and his Rule 3.850 motion. Response at 15. A brief procedural history will be given to provide context for the claim raised in ground one.

---

[3] Petitioner did not raise a Fourth Amendment claim, nor did he exhaust a Fourth Amendment claim in the state court proceedings. Although Petitioner references the Fourth Amendment in the Petition, he provides no argument supporting a Fourth Amendment claim. He does contend the alleged sentencing violation rises to the level of fundamental error and constituted a manifest injustice, and claims "now that the continual denial of Petitioner's sole ground clearly violated Petitioner's Federal constitutional rights to Due Process." Petition at 5. Therefore, the Court construes ground one as a due process claim raised pursuant to the Fifth and Fourteenth Amendments. Thus, the Fourth Amendment claim is due to be denied.

The record shows Petitioner filed a Motion to Correct Sentencing Error. Ex. O. He complained he was not informed of the state's intention to rely on convictions from St. John's County to seek the HFO designation until July 22, 2013. Id. at 4. He was re-sentenced on August 29, 2013. Ex. N at 229-85. He argued the state's intent to seek HFO sanctions should have been alleged in the information. Ex. O at 4. In support, he referenced Apprendi v. New Jersey, 530 U.S. 466, 475 (2000) and the Due Process Clause of the Fifth Amendment. Id. The trial court denied the motion. Id. at 17-23.

On appeal of re-sentencing, Petitioner raised the same contention, citing Apprendi and due process implications, and arguing the trial court erred in imposing HFO sanctions based upon new evidence admitted in violation of Petitioner's due process rights. Ex. P at i. The state responded. Ex. Q. The 1st DCA affirmed per curiam. Ex. R. The mandate issued on March 13, 2015. Id.

In his Rule 3.850 motion, Petitioner claimed the trial court erred in sentencing him as a habitual offender using a charge of criminal mischief he pled to as a misdemeanor. Ex. S at 3. Petitioner referenced due process implications and the fundamental notions of fairness. Id. at 4. The trial court denied the motion as successive but also addressed the merits of the claim. Id. at

7

15-16. The trial court noted Petitioner's conviction and sentence were previously affirmed by the 1st DCA. Id. at 15. See Ex. R. The court found: "the Defendant has not stated sufficient legal grounds upon which relief can be granted, nor any points of law or facts overlooked. The sentenced [sic] imposed by this Court was lawful, correct and remains appropriate as shown in the attached, Exhibits 'A' through 'L'." Ex. S at 16. Petitioner appealed. Id. at 128; Ex. T; Ex. U; Ex. V. The 1st DCA affirmed per curiam. Ex. W. The 1st DCA denied rehearing, Ex. X, and the mandate issued on September 11, 2018. Ex. Y.

Respondents assert Petitioner cannot establish that the trial court's decision denying this claim for relief was contrary to or in violation of federal constitutional law as both convictions were qualifying felonies that met the criteria to classify Petitioner as a HFO. Response at 21. The record demonstrates the trial court relied on certified copies of official records. Moncus v. State, 69 So. 3d 341, 343 (Fla. 4th DCA 2011) (certified copies and official court records required for enhancement purposes); Slade v. State, 898 So. 2d 120 (Fla. 4th DCA 2005) (per curiam) (affirming reliance on record evidence of certified copies of convictions and court files to support finding of habitual offender status).

8

At re-sentencing, the state called Sheila Battell, the supervisor in the felony division of the St. Johns County Clerk of Court. Ex. N at 231-32. She testified the documents in Composite Exhibit One concerning case no. CF01-2472, an April 17, 2003 judgment and sentence for criminal mischief (a third degree felony), and case no. CF-94-106, an October 21, 1994 judgment and sentence for aggravated assault (a third degree felony), were certified by the Clerk as true and accurate copies of the records maintained by the Clerk of Court. Id. at 232-35. Although Petitioner testified he thought, in case no. CF01-2472, he had pled to a misdemeanor and "took probation on it," id. at 246, the record shows it was a third degree felony, and he was originally placed on twenty-four months of probation for the third degree felony of criminal mischief with restitution set in the amount of $2937.01. Id. at 48-55. Eventually, on April 17, 2003, he was sentenced to 364 days in county jail with credit for 94 days served. Id. at 48.

The trial court found the two convictions were qualifying felonies, that they occurred on separate dates,[4] that one or both of the convictions or release therefrom was within five years of the offense for which Mr. Brown is being sentenced, that he has

---

[4] The court entered the Judgment and Sentence for CF94-106 on October 21, 1994. Ex. N at 78-84.

not received a pardon for either offense and that neither offense has been set aside in any post-conviction proceeding and none of the felonies constitute a violation of a drug possession statute. Id. at 256. The state court's decision rejecting Petitioner's claim is supported by the record and the law.

To the extent Petitioner is claiming he did not get fair notice, the record shows otherwise. The state filed an Amended Notice of Intent to Classify Defendant as a Habitual Felony Offender on July 22, 2013. Ex. N at 30-31. The re-sentencing hearing took place over a month later, on August 29, 2013. Id. at 229. The state advised the court Petitioner was aware of this prior felony criminal mischief conviction, as it had been referenced in his first trial as Williams Rule evidence, and in three prior sentencing proceedings, the offense was listed in the Pre-sentence Investigation report as a felony, scored on the scoresheet as a felony, and is in fact a prior felony conviction.[5] Id. at 259-60.

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504

---

[5] The August 29, 2013 scoresheet references a prior third degree felony for criminal mischief. Ex. R at 124.

U.S. 944 (1992). "Cases in [the United States Supreme Court] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." Spencer v. State of Tex., 385 U.S. 554, 563-64 (1967). The Fifth Amendment provides: "[no person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Fourteenth Amendment provides any state shall not deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. 14. The Fifth Amendment's due process protection applies to the states by virtue of the Fourteenth Amendment. U.S. Const. amends. 5, 14.

To the extent Fifth and Fourteenth Amendment claims were raised and addressed, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on this ground because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceedings. Therefore, ground one is due to be denied. The Court concludes AEDPA deference is due and Petitioner is not entitled to federal habeas relief.

11

Alternatively, the record demonstrates Petitioner received all the process to which he was entitled in the state court sentencing proceeding and Petitioner is not entitled to habeas relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.** [6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge

sa 11/8
c:
Abraham Fredrick Brown
Counsel of Record